IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
MICHAEL K. CARBONE
and JANINE CARBONE,
on behalf of plaintiffs and a class,

                Plaintiffs,

                    vs.

GROSS POLOWY LLC,

                Defendant.
------------------------------------------------------------ x

Case No. 2:17-cv-04564

## COMPLAINT – CLASS ACTION

### INTRODUCTION

       1.     Plaintiffs Michael K. Carbone and Janine Carbone bring this action to secure redress from unlawful credit and collection practices engaged in by defendant Gross Polowy LLC ("GPLLC").

       2.     Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

       3.     The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

       4.     In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

       5.     Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v.*

1

*Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

6. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

7. Plaintiffs seek to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## VENUE AND JURISDICTION

8. This Court has jurisdiction under 15 U.S.C. §§1640 (TILA) and 1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

9. Venue and personal jurisdiction in this District are proper because:

   a. This action concerns real property within the District;

   b. Defendants' communications and notices were received by plaintiffs within this District;

   c. Defendant does or transacts business within this District and seeks to enforce loans alleged owed by persons in this District and secured by real property in this District.

## PARTIES

10. Plaintiffs Michael K. Carbone and Janine Carbone, husband and wife, reside in a single-family home they own in Nassau County, New York.

11. Defendant GPLLC is a law firm organized as a limited liability company under Delaware law with offices at 1775 Wehrle Drive, Suite 100, Williamsville, New York.

12. The practice of GPLLC consists of enforcing the rights of mortgage companies under residential mortgage debts. GPLLC files dozens of lawsuits in New York courts seeking to foreclose mortgages and obtain deficiency judgments.

13. GPLLC has a web site on which it lists more than 25 attorneys (http://grosspolowy.com/about-us/our-lawyers/) and describes its activities as follows: "Gross

Polowy, LLC is comprised of attorneys and support staff that have extensive experience in foreclosure, mortgage servicing and home retention/loss mitigation in New York. . . . Gross Polowy provides a firm that is: Exceptionally knowledgeable in the areas of foreclosure, litigation, bankruptcy, eviction and REO processes; . . . ."  (http://grosspolowy.com/about-us/) The same web site also states (http://grosspolowy.com/our-services/foreclosure/), "Our firm is experienced in bringing foreclosure actions for clients in New York State and Federal Courts."

14. GPLLC further states:

Home Retention

Gross Polowy understands the value of turning a non-performing loan into a performing one. To this end, Gross Polowy's loss mitigation procedure is focused on assisting the servicer determine if there is a viable home retention option, whether this is pre-commencement or post-commencement, or in court supervised settlement conferences.

We believe the Settlement Conferences can be the most important part of your action and that consistency will help promote productive negotiations. To this end, we have structured our conference department so that the same attorney appears in the same county and on the same files. This allows the attorney to not only be fully familiar with each file, but also assures subject matter expertise with individual county practices. This consistency also allows the attorney to build and develop positive relationships with referees and court personnel. The hands on approach also provides our clients with the knowledge and confidence that the attorney appearing on their behalf has substantive knowledge of each file, including the history of settlement negotiations, document review and loss mitigation status. The attorney preparation prior to the conferences and follow-up subsequent to them are specifically designed to facilitate accelerated loss mitigation resolution or, alternatively, release from the State court conference. The firm's attorneys regularly reach out to various legal aid groups and defense counsel to ensure open lines of communication in order to settle cases.

(http://grosspolowy.com/our-services/home-retention/)

15. GPLLC deals with loans which are owed to others and are in default when it first becomes involved with them. Plaintiffs' loan was such a loan.

16. GPLLC uses the mails and telephone system to collect debts.

17. GPLLC is a debt collector as defined in 15 U.S.C. §1692a(6).

## FACTS

18. GPLLC attempted to collect from plaintiffs a residential mortgage loan debt. The loan is secured by plaintiffs' residence and was obtained for personal, family or household

purposes, namely housing.

19. On or about July 5, 2017, GPLLC sent plaintiffs the document attached as Exhibit A.

20. Exhibit A is a form document, filled out in a standardized manner.

21. Exhibit A is the first document plaintiffs received from defendant concerning the debt described therein.

22. Exhibit A does not contain the "notice of debt" required by 15 U.S.C. §1692g.

23. No other document containing such notice was sent by GPLLC before or within 5 days after Exhibit A.

24. On July 5, 2017, no foreclosure action was pending, and no foreclosure sale was scheduled.

25. Exhibit A repeatedly refers to a foreclosure lawsuit. Under "re" it refers to "U.S. Bank Trust, N.A., as trustee for LSF9 Master Participation Trust vs. Janine Carbone and Michael Carbone, et al.," as if a lawsuit was pending. The first paragraph of text refers to a "current foreclosure action." The second paragraph of text urges plaintiffs to take action to "avoid foreclosure." The last paragraph of text refers to "your scheduled foreclosure sale". The enclosed documents also contain multiple references to "foreclosure," "foreclosure proceedings may continue," "we will not proceed to foreclosure sale," and the like.

## COUNT I – FDCPA – CLASS CLAIM

26. Plaintiffs incorporate paragraphs 1-25.

27. Exhibit A violated 15 U.S.C. §1692e because it refers to a foreclosure action when no foreclosure lawsuit is pending.

28. Section 1692e provides:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2)    The false representation of--**

      **(A)**    **the character, amount, or legal status of any debt; . . .**

**(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

## CLASS ALLEGATIONS

29.    Plaintiffs bring this claim on behalf of a class, pursuant to Fed. R. Civ.P. 23(a) and (b)(3).

30.    The class consists of (a) all natural persons (b) whose correspondence address, according to the records of GPLLC, is the same as the property address (both are fields on Exhibit A), (c) which property contains one or two dwelling units (including condominium and cooperative apartments), (d) to whom GPLLC sent a letter referring to mortgage company "vs." homeowner or "foreclosure action" or "foreclosure sale" when no legal proceeding was pending, (e) which letter was sent on or after a date one year prior to the filing of this action, and on or before a date 21 days after the filing of this action.

31.    On information and belief, based on the size of defendants' operations and the use of form documents, the class exceeds 40, and is so numerous that joinder of all members is not practicable.

32.    There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A is misleading or confusing in violation of 15 U.S.C. §1692e.

33.    Plaintiffs' claim is typical of the claims of the class members. All are based on the same factual and legal theories.

34.    Plaintiffs will fairly and adequately represent the interests of the class members. Plaintiffs have retained counsel experienced in consumer credit and debt collection abuse cases.

35.    A class action is superior to other alternative methods of adjudicating this dispute,

in that:

    a.    Individual cases are not economically feasible.

    b.    Many debtors may not realize that their rights are violated.

    c.    Congress intended class actions as a principal means of enforcing the FDCPA.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and the class members and against defendant for:

    i.    A declaration that defendant's communication violates the FDCPA;

    ii.    Statutory damages;

    iii.    Attorney's fees, litigation expenses and costs of suit;

    iv.    Such other or further relief as the Court deems proper.

## COUNT II – FDCPA – CLASS CLAIM

36.    Plaintiffs incorporate paragraphs 1-25.

37.    GPLLC violated 15 U.S.C. §1692g by sending Exhibit A and not sending the "notice of debt" described in §1692g prior to or within 5 days after Exhibit A.

38.    Section 1692g provides:

> **§ 1692g.  Validation of debts**
>
> **(a) Notice of debt; contents.  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing–**
>
>     **(1) the amount of the debt;**
>
>     **(2) the name of the creditor to whom the debt is owed;**
>
>     **(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**
>
>     **(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion**

thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

**(b) Disputed debts.** If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

**(c) Admission of liability.** The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

**(d) Legal pleadings.** A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).

**(e) Notice provisions.** The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.

39. Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .

(2)     The false representation of–

>    **(A)** the character, amount, or legal status of any debt; . . .
>
>    **(10)** **The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

## CLASS ALLEGATIONS

40. Plaintiffs bring this claim on behalf of a class, pursuant to Fed. R. Civ.P. 23(a) and (b)(3).

41. The class consists of (a) all natural persons (b) whose correspondence address, according to the records of GPLLC, is the same as the property address, (c) which property contains one or two dwelling units (including condominium and cooperative apartments), (d) with whom GPLLC communicated (e) without sending a "notice of debt" described in §1692g prior to or within 5 days after the communication (e) where the first communication occurred on or after a date one year prior to the filing of this action, and on or before a date 21 days after the filing of this action.

42. On information and belief, based on the size of defendants' operations and the use of form documents, the class exceeds 40, and is so numerous that joinder of all members is not practicable.

43. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether GPLLC complies with 15 U.S.C. §1692g. and is confusing in violation of 15 U.S.C. §1692e.

44. Plaintiffs' claim is typical of the claims of the class members. All are based on the same factual and legal theories.

45. Plaintiffs will fairly and adequately represent the interests of the class members. Plaintiffs have retained counsel experienced in consumer credit and debt collection abuse cases.

46. A class action is superior to other alternative methods of adjudicating this dispute, in that:

8

      a.    Individual cases are not economically feasible.

      b.    Many debtors may not realize that their rights are violated.

      c.    Congress intended class actions as a principal means of enforcing the FDCPA.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and the class members and against defendant for:

      i.    A declaration that defendant's communication practices violate the FDCPA;

      ii.    Statutory damages;

      iii.    Attorney's fees, litigation expenses and costs of suit;

      iv.    Such other or further relief as the Court deems proper.

/s/Tiffany N. Hardy
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
    & GOODWIN, L.L.C.
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

/s/Abraham Kleinman
Abraham Kleinman
KLEINMAN LLC
626 RXR Plaza
Uniondale, NY 11556-0626
(516) 522-2621
(888) 522-1692 (fax)
akleinman@akleinmanllc.com

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

                                              /s/Tiffany N. Hardy
                                              Tiffany N. Hardy

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
& GOODWIN, L.L.C.
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## DOCUMENT PRESERVATION DEMAND

      Plaintiffs hereby demand that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiffs, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiffs, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

                                            <u>/s/Tiffany N. Hardy</u>
                                            Tiffany N. Hardy